UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENN-STAR INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TRINITY LOGISTICS GROUP, INC. et al.,<br><br>　　　　Defendants. | No. 1:15-cv-00931-DAD-EPG<br><br>ORDER DENYING PLAINTIFF PENN-STAR'S MOTION FOR JUDGMENT ON THE PLEADINGS AND GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT SANTOS'S COUNTERCLAIMS<br><br>(Doc. No. 39) |
| EFREN J. SANTOS,<br><br>　　　　Counterclaimant and<br>　　　　third-party plaintiff,<br><br>　　v.<br><br>PENN-STAR INSURANCE COMPANY et al.,<br><br>　　　　Counterdefendant and<br>　　　　third-party defendants. | |

This matter is before the court on plaintiff Penn-Star Insurance Company's motion for judgment on the pleadings and motion to dismiss defendant Efren Santos's counterclaims. (Doc. No. 39.) A hearing on the motions was held April 19, 2016. Attorney Tung Khuu appeared on behalf of plaintiff. Attorney Hadi Ty Kharazi appeared on behalf of defendant Santos. The court

1

has considered the parties' briefs and oral arguments, and for the reasons set forth below, denies plaintiff's motion for judgment on the pleadings and grants plaintiff's motion to dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

This action arises from an automobile accident and a related dispute as to whether and to what extent a purported insurance policy issued by defendant Penn-Star Insurance Company ("Penn-Star") covers damages resulting from the accident.

According to the pleadings in this action, during the relevant time period, defendant Trinity Logistics Group, Inc. ("Trinity") was engaged in arranging for transportation of goods and services in interstate commerce. (Doc. No. 28 ¶ 9.) Penn-Star issued a policy of commercial general liability ("CGL"), policy number PAC7048299, to Trinity, effective for the period between March 1, 2014, and March 1, 2015. (Doc. No. 1 ¶ 11.) The policy generally provides insurance coverage for bodily injury and property damage. (*See* Doc. Nos. 1 ¶ 11; 1-1 § I.1.) The policy further enumerates several categories of exclusion, including one relating to the use of aircraft, autos, and watercraft. (Doc. No. 1-1 § I.2.) Finally, the policy includes an additional auto exclusion endorsement purporting to broaden the policy's exclusions relating to aircraft, autos, and watercraft. (Doc. Nos. 1 ¶ 12; 1-2.)

Trinity entered into a contract with Sysco Merchandising and Supply Chain Services, Inc. ("Sysco"),[1] a supplier of foods and other commodities, whereby Trinity would arrange for transportation of Sysco's goods from the marketer to the end user and provide for certain insurance coverage. (Doc. No. 28 ¶¶ 9–10.) In turn, Trinity would contract with various trucking companies, including A2A Trucking Company ("A2A"),[2] to transport the goods. (Doc. No. 28 ¶ 10–11.)

/////

---

[1] Plaintiff names only Sysco Corporation, Inc. as a defendant in this action. (Doc. No. 1 ¶ 8.) For purposes of this motion, the court uses the term "Sysco" interchangeably to refer to either Sysco Merchandising and Supply Chain Services, Inc. or Sysco Corporation, Inc.

[2] Plaintiff names only A2A Transportation, Inc. as a defendant in this action. (Doc. No. 1 ¶ 5.) For purposes of this motion, the court uses the term "A2A" interchangeably to refer to either A2A Trucking Company or A2A Transportation, Inc.

On July 31, 2014, Alonzo Hernandez was driving a truck owned by A2A carrying goods in Fresno County to a Sysco customer in Georgia.  Hernandez was intoxicated and rear-ended another car, killing defendant Efren Santos's wife and son, and seriously injuring Santos and his daughter.  (Doc. Nos. 1 ¶ 14; 28 ¶ 11.)

On September 9, 2014, Santos and other family members (the "Santos defendants" in this action) commenced a wrongful death action in connection with the July 31, 2014 incident, in Fresno County Superior Court.  (Doc. No. 1 ¶ 14.)  Through counsel, Trinity demanded Penn-Star defend and indemnify it in connection with the lawsuit.  Penn-Star agreed to defend Trinity but reserved its rights to disclaim coverage and withdraw its defense should it determine the terms of the CGL policy did not cover the subject of the suit.  (*Id.* ¶ 15.)

On June 19, 2015, while the state court action was still pending, plaintiff Penn-Star commenced this action for declaratory judgment.  Plaintiff principally seeks declaratory relief that based on the terms of its insurance policy with Trinity, and in particular the auto exclusion endorsement, the policy does not provide insurance coverage for the events giving rise to the state court action and, further, that it is not obligated to defend or indemnify Trinity in connection with the state court action.  (*Id.* ¶ 16.)

On January 28, 2016, defendant Santos filed counterclaims against Penn-Star, as well as third-party claims against Rebecca Desautels, the insurance agent, and Hub International Limited ("Hub"), the insurance broker.  (Doc. No. 28.)  Santos alleges two counterclaims against Penn-Star:  (1) breach of the implied covenant of good faith and fair dealing, and (2) fraud.[3]

On March 11, 2016, plaintiff and counter-defendant Penn-Star filed the instant motion to dismiss the counterclaims against it and for judgment on the pleadings with respect to its own complaint.  (Doc. No. 39.)  On April 4, 2016, Defendant Santos filed his opposition.  (Doc. No. 44.)  On April 12, 2016, plaintiff filed its reply.  (Doc. No. 46.)

/////

---

[3] Defendant Santos alleges he is the assignee of rights arising from the purported CGL policy between Penn-Star and Trinity by way of a written assignment of those rights from Trinity. (Doc. No. 28 ¶ 5.)

3

# DISCUSSION

**A.      Motion for Judgment on the Pleadings**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). *See also Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008); *3550 Stevens Creek Assocs. v. Barclays Bank*, 915 F.2d 1355, 1357 (9th Cir. 1990). In considering a motion for judgment on the pleadings, the court reviews the pleadings only.[4] The allegations of the non-moving party must be accepted as true, and any allegations of the moving party which have been denied are assumed to be false. *Torbey v. United Airlines, Inc.*, 298 F.3d 1087, 1089 (9th Cir. 2002); *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). The burden is on the moving party to demonstrate that no material issue of fact remains to be resolved and that the moving party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc.*, 896 F.2d at 1550.

In its motion for judgment on the pleadings, plaintiff Penn-Star argues it is entitled to a declaratory judgment that (1) the July 31, 2014 incident, the subject of the Santos litigation, is not covered under the CGL policy, and (2) Penn-Star is not obligated to indemnify or defend Trinity under that policy. Regarding the scope and coverage of the policy, plaintiff's complaint makes the following allegations:

> Penn-Star issued a policy of general insurance, policy no. PAC7048299, to The Trinity Logistics Group, Inc., effective for the policy period of March 1, 2014, through March 1, 2015. The Penn-Star policy afforded Commercial General Liability insurance with per-occurrence limits of liability of $1 million under form CG 00 01 12 07, a true and correct copy of which form is attached as Exhibit A.

---

[4] Exhibits appended to a complaint are considered a part thereof for all purposes. Fed. R. Civ. P. 10(c).

4

> The Penn-Star policy's coverage for Commercial General Liability was modified by an Auto Exclusion endorsement under form S2113 (10/07), a true and correct copy of which is attached as Exhibit B. Subject to its complete terms, the Auto Exclusion endorsement precludes insurance coverage under the Penn-Star policy for "bodily injury" or "property damage" arising out of the ownership, maintenance or use by any person or entrustment to others, of any "auto."

(Doc. No. 1 ¶¶ 11–12.) In their answers, Sysco and the Santos defendants deny these allegations specifically based upon the lack of "sufficient information or belief to enable it to admit or deny the allegations therein." (Doc. Nos. 11 ¶¶ 11–12; 21 ¶¶ 11–12.) Trinity generally and specifically denies every allegation of the complaint. (Doc. No. 13 at 2.)

Defendants' denials of the allegations concerning the existence and scope of the policy effectively raise a dispute of fact at the pleading stage. While a denial based on a lack of sufficient information must be based on good faith, *see* Fed. R. Civ. P. 8(b), defendants' denials here are neither unreasonable nor clearly false. Neither Sysco nor the Santos defendants were parties to the policy, and plaintiff has not pled facts to infer that these parties would have sufficient knowledge of the existence and scope of the policy in question. Additionally, the pleadings (including the attached exhibits) do not demonstrate that the policy and auto exclusion endorsement comprise the complete agreement between Penn-Star and Trinity, such that Trinity's denials are clearly false.

Because an issue of material fact remains to be resolved at this early stage of the litigation, the issue of the scope and coverage of the policy is more appropriately left for resolution on summary judgment. After the facts have been developed, and to the extent there is no dispute that Penn-Star and Trinity entered into an insurance agreement (and a complete version of that agreement is before this court), interpretation of the provisions of that policy, including its exclusions, is a question of law. *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18 (1995).[5]
Therefore, plaintiff's motion for judgment on the pleadings will be denied at this time.

/////

---

[5] Accordingly, at this juncture, the court declines to judicially notice documents plaintiff alleges are relevant to the interpretation of the policy. (*See* Doc. No. 39-2.)

### B.   Motion to Dismiss Counterclaims Against Penn-Star

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on

/////

6

them, and matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

        1.        <u>Breach of Implied Covenant of Good Faith and Fair Dealing</u>

Defendant Santos alleges in his first counterclaim that the contractual relationship between Penn-Star and Trinity gave rise to an implied covenant of good faith and fair dealing. (Doc. No. 28 ¶ 22.)  With respect to Trinity's claims in connection with the July 31, 2014 incident, Santos alleges Penn-Star owed a duty to Trinity to conduct a thorough and fair investigation of the facts; liberally construe the policy to provide coverage; conduct a fair and unbiased evaluation of Trinity's claim; timely disclose to Trinity any critical information concerning the insurance policy, including significant changes to the scope of its coverage; and administer the terms of the policy without denying coverage for pretextual reasons.  (*Id.* ¶ 23–25.) Santos alleges Penn-Star's breach of its duties caused Trinity and Santos to suffer damages.  (*Id.* ¶ 26–27.)  In the instant motion, plaintiff Penn-Star argues that no counterclaim for breach of the implied covenant of good faith and fair dealing may survive because Penn-Star did not breach the insurance contract or its duty to defend Trinity in the state court action.[6]  (Doc. No. 39-1 at 14–16.)

California has a well-established cause of action sounding in tort, rather than contract, against an insurer who breaches the implied covenant of good faith and fair dealing with its insured, when it "unreasonably and in bad faith withholds payment of the claim of its insured." *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 683–85 (1988) (en banc) (quoting *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 575 (1973)).  A breach of the implied covenant of good faith and fair dealing, however, need not rest on a breach of the express terms of the contract.  *Carma Developers (Cal.), Inc. v. Marathon Dev. California, Inc.*, 2 Cal. 4th 342, 373 (1992).

For an insurer to fulfill its obligations, it "must give at least as much consideration to the [insured's] interests as it does to its own." *Egan v. Mutual of Omaha Ins. Co.*, 24 Cal. 3d 809, 818–19 (1979) (en banc).  "While an insurance company has no obligation under the implied

---

[6] In opposition, defendant Santos concedes he is not asserting his counterclaim on a theory that Penn-Star refused to defend Trinity. (Doc. No. 44 at 5.)

covenant of good faith and fair dealing to pay every claim its insured makes, the insurer cannot deny the claim 'without fully investigating the grounds for its denial.'" *Wilson v. 21st Century Ins. Co.*, 42 Cal. 4th 713, 720–21 (2007) (quoting *Frommoethelydo v. Fire Ins. Exchange*, 42 Cal. 3d 208, 215 (1986) (en banc)). This requires the insurer to "fully inquire" into the possible bases supporting the insured's claim before denying it. *Id.* at 721. Further, "denial of a claim on a basis unfounded in the facts known to the insurer, or contradicted by those facts, may be deemed unreasonable." *Id.*; *see also Waller*, 11 Cal. 4th at 36 ("[W]hen benefits are due an insured, 'delayed payment based on inadequate or tardy investigations, oppressive conduct by claims adjusters seeking to reduce the amounts legitimately payable and numerous other tactics may breach the implied covenant because' they frustrate the insured's right to receive the benefits of the contract in 'prompt compensation for losses.'").

Here, defendant Santos may state a claim for breach of the implied duty of good faith and fair dealing without also asserting a breach of the contract's express terms. However, Santos's counterclaim fails to plead sufficient facts to state such a cause of action. Santos alleges Trinity is in the business of arranging for the transportation of goods, and that any insurance coverage Trinity sought from Penn-Star must have reasonably covered this core function of the business. (Doc. No. 28 ¶¶ 14, 23.) Santos further alleges Penn-Star turned its back on Trinity during the pendency of the state court case, leaving Trinity unable to defend itself. (*Id.* ¶ 19.) Beyond these alleged facts, Santos simply makes a series of conclusory statements that Penn-Star effectively failed to fulfill its duties under the implied covenant of good faith and fair dealing. These general assertions lack a factual basis sufficient to state a claim upon which relief may be granted. *See Twombly*, 550 U.S. at 555, 570; *Iqbal*, 556 U.S. at 676.

To survive a motion to dismiss, Santos must, at minimum, allege facts that if proven true, would give rise to an inference that Penn-Star's denial of coverage was the result of intentional misconduct or bad faith. To the extent Santos's theory of liability relies on the allegation that Trinity was entitled to benefits under the terms of the policy, Santos must also state facts in support of such an allegation. In opposition to the instant motion, Santos alleges Penn-Star improperly interpreted the policy terms and points to alleged ambiguities in the contract language

8

and intent of the parties as to the policy that might run counter to the language itself.  (Doc. No. 44 at 6–7.)  Yet these allegations appear nowhere in the pleadings themselves.  Defendant Santos's first counterclaim must be dismissed.

2. Fraud

Defendant Santos's second counterclaim alleges fraud on the part of plaintiff.  (Doc. No. 28 ¶¶ 30–36.; *see also* Doc. No. 44 at 7.)

Federal Rule of Civil Procedure 9 provides:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b).  "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996)).  Accordingly, pursuant to Rule 9(b), a plaintiff at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading.  *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 n.7 (9th Cir. 1994); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995).[7]

Here, defendant merely has alleged Penn-Star misrepresented the scope of its policy to Trinity and provided a policy it knew would not adequately cover Trinity's business operations.  Beyond his conclusory statements, defendant Santos fails to allege any factual circumstances constituting fraud.  Specifically, he does not allege the specific nature of the fraudulent act, who

---

[7] In addition, "[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" *Vess*, 317 F.3d at 1105 (quoting *Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir.1996)).

committed the fraud, and when the fraud occurred.  Accordingly, defendant has failed to state a cognizable fraud claim.

### 3. Leave to Amend

For the reasons explained above, plaintiff Penn-Star's motion to dismiss defendant Santos's counterclaims should be granted.  The court has carefully considered whether defendant Santos may further amend his counterclaims to state claims upon which relief can be granted.  "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988). *See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).  At this early stage of the litigation, the court cannot conclude amendment would be futile or prejudicial to plaintiff.  Accordingly, defendant Santos will be granted an opportunity to amend his complaint as to the counterclaims.

**ORDER**

For the reasons set forth above,

1. Plaintiff's motion for judgment on the pleadings (Doc. No. 39) is denied;
2. Plaintiff's motion to dismiss defendant Santos's counterclaims against it (Doc. No. 39) is granted; and
3. Defendant Santos's counterclaims against plaintiff are dismissed with leave to amend.

IT IS SO ORDERED.

Dated:   **May 6, 2016**                    _____
                                            UNITED STATES DISTRICT JUDGE